IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STEVEN PATRICK SMITH,<br>　　　*Plaintiff*,<br><br>V.<br><br>COMMISSIONER OF SOCIAL SECURITY<br>　　　*Defendant*. | §<br>§<br>§<br>§　CIVIL ACTION NO. 2:25-CV-137-BJ<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Plaintiff Steven Patrick Smith ("Smith") seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). Because the parties have consented to proceed before a magistrate judge, the undersigned has full authority under 28 U.S.C. § 636(c) to consider this appeal, including issuing a final judgment. For reasons stated herein, the decision of the Administrative Law Judge ("ALJ") is **AFFIRMED**.

### I.　STATEMENT OF THE CASE

Smith filed this action pursuant to Section 405(g) and 1383(c) of Title 42 of the United States Code for judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits ("DIB") under Title II and supplemental security income ("SSI") under Title XVI of the Social Security Act ("SSA"). In March of 2022, Smith protectively applied for DIB and SSI, alleging his disability began on June 1, 2005. (Transcript ("Tr.") 236-47.) He later amended his onset date to April 8, 2010. (Tr. 46.) After his applications for DIB and SSI were denied both initially and on reconsideration, Smith requested a hearing before an ALJ. (Tr. 153-54.) On August 12, 2024, the ALJ held a hearing. (Tr. 43.) Thereafter, on January 6, 2025, the ALJ issued an unfavorable opinion. (Tr. 34.) Smith then filed a request for review with the Appeals Council. (Tr. 7-10.) On April 21, 2025, the Appeals Council denied

Smith's request for review, leaving the ALJ's January 6, 2025 decision as the final decision of the Commissioner in Smith's case. (Tr. 1.) Smith subsequently filed this civil action seeking review of the ALJ's decision.

## II.  STANDARD OF REVIEW

Disability insurance is governed by Title II, 42 U.S.C. §§ 401-434, and SSI benefits are governed by Title XVI, 42 U.S.C. §§ 1381-1385, of the SSA. In addition, numerous regulatory provisions govern disability insurance and SSI benefits. *See* 20 C.F.R. Pt. 404 (disability insurance); 20 C.F.R. Pt. 416 (SSI). Although technically governed by different statutes and regulations, "[t]he law and regulations governing the determination of disability are the same for both disability insurance benefits and SSI." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

The SSA defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. § 423(d); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. *See* 20 C.F.R. §§ 404.1520, 416.920. First, the claimant must not be presently working at any substantial gainful activity. *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is defined as work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. §§ 404.1572, 416.972. Second, the claimant must have an impairment or combination of impairments that is severe. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c); *see also Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). Third, disability will be found if the impairment, or combination of impairments, meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Pt. 404 Subpt. P, App. 1.

*See* 20 C.F.R. §§ 404.1520(a)(iii), (d), 416.920(a)(iii), (d).[1] Fourth, if disability cannot be found based on the claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to his past relevant work. 20 C.F.R. §§ 404.l520(a)(4)(iv), (f), 416.920(a)(4)(iv), (f). And fifth, the impairment must prevent the claimant from doing any work, considering the claimant's residual functional capacity ("RFC"), age, education, and past work experience. *Id.* §§ 404.l520(a)(4)(v), (g), 416.920(a)(4)(v), (g); *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999). At steps one through four, the burden of proof rests upon the claimant to show she is disabled. *Crowley*, 197 F.3d at 198. If the claimant satisfies this responsibility, the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. *Id.* If the Commissioner meets his burden, it is up to the claimant to then show that she cannot perform the alternate work. *See Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards, and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988) (per curiam). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance. *Id.* A finding of no substantial evidence is appropriate only if *no* credible evidentiary choices or medical findings support the decision. *Id.* (emphasis added). An ALJ's decision is not subject to reversal, even if

---

[1] Before moving from the third to the fourth step of the inquiry, the Commissioner assesses the claimant's residual functional capacity ("RFC") to determine the most the claimant is able to do notwithstanding her physical and mental limitations. 20 C.F.R. §§ 404.1520(a)(4), (e), 416.920(a)(4), (e). The claimant's RFC is used at both the fourth and fifth steps of the five-step analysis. *Id.* §§ 404.1520(a)(4), 416.920(a)(4). At Step Four, the claimant's RFC is used to determine if the claimant can still do her past relevant work. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At Step Five, the claimant's RFC is used to determine whether the claimant can adjust to other types of work. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ. *Dollins v. Astrue*, No. 4:08-CV-00503-A, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009). This Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383.

### III.    ISSUES

In his brief, Smith raises the following issue: Whether the ALJ improperly evaluated State Agency Medical Consultant Renee McPherson Watson ("SAMC Watson")'s medical opinion. (Plaintiff's Brief ("Pl.'s Br.") at 1.)

### IV.    ALJ DECISION

In her January 6, 2025 decision, the ALJ concluded that Smith was not disabled within the meaning of the SSA. (Tr. 22.) In making her determination, the ALJ proceeded to follow the five-step sequential evaluation process set forth above. (Tr. 24-33.) At Step One, the ALJ found that Smith had not engaged in substantial gainful activity since April 8, 2010, the amended alleged onset date of Smith's disability. (Tr. 24.) At Step Two, the ALJ held that Smith had the "severe" impairment of schizophrenia. (Tr. 24.) At Step Three, the ALJ found that Smith did not have an impairment or combination of impairments that met or was medically equivalent to the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 24, 26.) As to Smith's RFC, the ALJ stated:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant is limited to simple tasks and instructions; the claimant cannot perform fast or production paced work; the claimant is limited to occasional changes in the work setting; the claimant must

4

>have no public contact; the claimant cannot perform joint, team, or tandem tasks; and the claimant is limited to occasional contact with co-workers and supervisors.

(Tr. 28 (emphasis omitted).)  At Step Four, the ALJ stated that Smith had no past relevant work.  (Tr. 32.)  Finally, at Step Five, in light of the testimony provided by a vocational expert, the ALJ found that, "considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy."  (Tr. 32-33.)  Accordingly, the ALJ found that Smith was not disabled, as defined by the SSA from April 8, 2010 through the date of her decision.  (Tr. 33.)

## V.   DISCUSSION

In his brief, Smith claims that the ALJ improperly evaluated SAMC Watson's medical opinion by "not adher[ing] to the specific requirements regarding the discussion of the supportability and consistency factors."  (Pl.'s Br. at 8.)  Smith argues this is reversable error because the ALJ formulated an RFC that did not accurately reflect all of Smith's limitations.  (Pl.'s Br. at 11-12.)

### A.   Improper Evaluation of SAMC Watson's Medical Opinion

The ALJ must "articulate in [her] determination or decision how persuasive [she] find[s] all of the medical findings in [the claimant's] case record."  20 C.F.R. §§ 404.1520c(b), 416.920c(b).  Specifically, the ALJ is required to "explain how [she] considered the supportability and consistency factors for a medical source's medical opinions."[2]  20 C.F.R. §§ 404.1520c(b)(2),

---

[2] Supportability requires the ALJ to evaluate how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)," while consistency requires the ALJ to evaluate how "consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

5

416.920c(b)(2).  All the ALJ must do is build a "logical bridge" between her persuasiveness finding and the medical evidence.  *See Price v. Astrue*, 401 F.App'x 985, 986 (5th Cir. 2010).

In her decision, the ALJ considered the disability opinion of SAMC Watson "partially persuasive" because "[t]his opinion limited the claimant to simple work, which is supported based on the medical history.  However, the remaining limitations listed in this opinion appeared vague and unsupported based on the normal mental status examination results outlined above (Exhibits 8A and 9A)." (Tr. 31.)  The ALJ previously discussed Smith's medical history which showed that he exhibited moderate limitations in (1) understanding, remembering, or applying information; (2) concentrating, persisting, or maintaining pace; and (3) adapting oneself.  (Tr. 26-27.) Further, according to the ALJ's previous analysis of the mental status examination and of the findings of impartial psychological expert Dr. Trevan Prickett, Smith's mental impairment "remained stable and well controlled with treatment."  (Tr. 30.)  The mental status exams appeared "intact with normal attention/concentration, intact memory, normal mood, and appropriate affect."  (Tr. 30.) The results "showed the claimant displayed good concentration" and did not indicate that Smith "displayed limited judgement or insight."  (Tr. 27.)   Smith's mental status examination also showed that he "consistently displayed calm, cooperative, and pleasant behavior with normal eye contact."  (Tr. 27 (citing Exhibits 2F, 6F, 7F, 10F).)

Contrary to Smith's claim, the ALJ sufficiently addressed supportability and consistency by citing the relevant exhibits and referring to her previous analysis. (Tr. 31. 29-30.)  The medical findings, as discussed by the ALJ, support and are consistent with SAMC Watson's opinion that Smith should be limited to simple work.  However, the remaining limitations included in SAMC Watson's medical opinion, which include that Smith "can follow two step commands" and "may

6

function best in an environment with . . . a supportive management style," are unsupported by and inconsistent with the normal mental status examination results. (Tr. 106.)

Thus, the ALJ sufficiently bridged the gap between the evidence and her persuasiveness determination by citing the record and referencing her previous analysis. *See Moira R. v. Comm'n of Soc. Sec.*, 2:24-CV-227-Z-BT, 2025 WL 2814156, at *2 (N.D. Tex. Oct. 3, 2025); *cf. Probst v. Kijakazi*, EP-22-CV-00286-RFC, 2023 WL: 3237435, at *4 (W.D. Tex. May 3, 2023) (holding the ALJ's supportability assessment was deficient because "the Court is left to speculate why Dr. Friday's records fail to support his medical opinion."). Since the ALJ previously discussed the medical history and the mental status examination, the ALJ was not required to redundantly reanalyze the mental status examination when discussing the persuasiveness of SAMC Watson's medical opinion. *Cf. Moira R.*, 2:24-CV-227-Z-BT, 2025 WL 2814156, at *2 ("While Plaintiff may desire the ALJ to further explain how cited evidence supported his conclusions, 'citations to specific evidence in the record constitute an adequate articulation of the supportability and consistency factors.'") (quoting *Morgan v. Kijakazi*, 4:22-cv-631-ALM-KPJ, 2023 WL 6238052, at *6 (E.D. Tex. Aug. 31, 2023)).

### B. Harmless Error

Moreover, even if the Court found error with the ALJ's explanation, any deficiencies in her analysis were harmless. It is well-established that "[p]rocedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have [not] been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). To be entitled to relief, the claimant must establish that the ALJ erred and that the ALJ's error "cast[s] into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988).

7

In this case, since the error alleged by Smith is that the ALJ "did not provide sufficient explanation of her consideration of the medical opinions," Smith must "show that if the ALJ had given further explanation, then she would have adopted" the medical opinions. *Miller v. Kijakazi*, 22-60541, 2023 WL 234773, at * 4 (5th Cir. Jan 18, 2023) (citing *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018)). The harm Smith alleges—that the RFC did not accurately reflect all of Smith's limitations—*assumes* that the ALJ would have adopted SAMC Watson's opinion if the ALJ had given further explanation. (*See* Pl.'s Br. 11-12.) Such an assumption is improper because Smith "is essentially asking [this Court] to reweigh the evidence to show that [Smith] was prejudiced by the ALJ's [alleged] failure to explain, which [this Court] cannot do." *Miller*, 2023 WL 234773, at *4 (citing *Garcia*, 880 F.3d at 704). Thus, because Smith does not show that additional explanation by the ALJ would have led the ALJ to adopt SAMC Watson's opinion and integrate it into the RFC, any alleged error is harmless.

## **CONCLUSION**

Based on the foregoing, the decision of the Administrative Law Judge's decision is **AFFIRMED**.

SIGNED February 26, 2026.

                                                   JEFFREY L. CURETON
                                                  UNITED STATES MAGISTRATE JUDGE